**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DIANE L. MCDERMED and** ) | |
| **MICHELLE N. BEAVERS,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 09-2004-EFM |
| ) | |
| **JON CARL HILL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendants' motion to strike (Doc. 39) and plaintiffs' motion to amend their complaint (Doc. 42).[1] The court's rulings are set forth below.

**Background**

Highly summarized, plaintiffs allege that they were employed by KAPE and AFT and subjected to a sexually hostile work environment and retaliation. Plaintiffs also assert a state

---

[1] The defendants moving to strike are the Kansas Association of Public Employees, Inc. (KAPE), the American Federation of Teachers (AFT), and Gerald Raab. Defendant Jon Carl Hill is deceased and his estate has not filed an answer or otherwise entered an appearance in this case. The parties agree that the remaining defendants, Brian R. Thompson and Mike Osborn, are not proper parties and plaintiffs intend to clarify their status through an amendment to the complaint.

law claim against defendant Jon Carl Hill for "invasion of privacy." Plaintiff Beavers separately asserts a wrongful termination claim (breach of contract) against defendants Kape and Gerald Raab.

## Motion to Strike

Plaintiffs filed their complaint on January 5, 2009 and filed an amended complaint the next day. Defendants Thompson, KAPE, and Raab filed answers to the amended complaint and defendant AFT moved to dismiss for "lack of jurisdiction." The parties conferred and defense counsel agreed that plaintiffs could amend their complaint to remove Mike Osborn and Brian Thompson as named defendants. However, the amended complaints filed by plaintiffs on April 9, 2009 (Doc. 33) and April 14, 2009 (Doc. 35) contain additional allegations which defendants assert went beyond the parties' discussions and agreement. Defendants move to strike Doc. 33 and 35, arguing they have not "consented" to the additional allegations in the amended complaints. Defendants also move to strike any reference to the amended allegations in plaintiffs' response to the motion to dismiss. As explained in greater detail below, the motion to strike shall be GRANTED IN PART.

Fed. R. Civ. P. 15(a) allows a party to amend his or her complaint once as a matter of course before being served with a responsive pleading. "In all other cases, a party may amend its pleadings only with the opposing party's **written consent or the court's leave.**" Rule 15(a)(2) (emphasis added). Because plaintiffs already amended their complaint once and defendants filed responsive pleadings, plaintiffs no longer had the right to unilaterally

-2-

amend their complaint. Moreover, plaintiffs did not have opposing counsel's written consent or permission from the court to file the amended complaints. Accordingly, the filing of amended complaints on April 9 and April 14 was improper and the court will strike Doc. 33 and 35.

The court declines defendants' request to strike any reference to the amended complaint in plaintiffs' response to defendants' motion to dismiss. Plaintiffs have now moved to amend their complaint (discussed below) and defendants have not presented compelling arguments for this court to engage in an editing process of plaintiffs' response brief.

**IT IS THEREFORE ORDERED** that defendants' motion to strike **(Doc. 39)** is **GRANTED IN PART**, consistent with the rulings herein.

### Motion to Amend Complaint

Recognizing their procedural error in filing their amended complaint without leave of court, plaintiffs now move to amend their complaint to 1) delete the Title VII and KAAD claims against all individual defendants (effectively terminating Osborn and Thompson as defendants in the case); 2) clarify that Count IV is a contract claim and not a tort claim; 3) allege that individuals acted as agents of KAPE or that KAPE ratified their acts, and 4) allege that Osborn or other individuals acted as AFT agents or that AFT ratified their acts or omissions. Defendant Thompson does not oppose the motion because the proposed amendment removes him as a party from the case as previously agreed. KAPE, AFT, and Raab object to items 3 and 4.

**Analysis**

The standard for permitting a party to amend her complaint is well established. Without an opposing party's consent, a party may amend her pleading only by leave of the court. Fed. R. Civ. P. 15(a).[2] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

As noted above, defendants oppose plaintiffs' motion to add allegations that certain individuals acted as agents for KAPE and AFT and/or that the defendants ratified the acts of its employees (items 3 and 4). Specifically, defendants argue the motion is untimely because it was filed *after* the amended complaint was filed. The court does not agree. The deadline in the scheduling order for filing a motion to amend was April 23, 2009, the same day plaintiffs filed their motion. The motion was filed consistent with the deadline in the scheduling order.

Defendants also argue that plaintiffs were aware of the proposed amended allegations

---

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

when they originally filed their complaint; thus, the proposed amendments are untimely. This argument is also not persuasive. As noted above, plaintiffs moved to amend their complaint by the deadline established by the court and defendants demonstrate no prejudice. Accordingly, defendants' "untimely" argument is rejected.

Defendants also argue that the proposed amendment asserting agency as a basis for liability against KAPE is futile because

> KAPE, as a corporate employer, may only be held liable for discrimination committed by its officers or employees under 'agency principles.' Thus, plaintiffs' discrimination claims against KAPE necessarily subsume an assertion that some of the individual decision-makers involved acted as KAPE's agents, and plaintiffs' attempts to add agency language to their Third Amended Complaint binding KAPE to the individual defendants' actions is ***unnecessary.*** These amendments are, thus, futile. (Emphasis added).

In essence, defendants argue that KAPE can only act through its employees under agency principles; thus, the proposed language is ***unnecessary.*** However, the fact that defendants are willing to concede that agency principles apply to KAPE does not show that the amended language is "futile." Plaintiffs are entitled to set out their "agency" theory, notwithstanding KAPE's apparent belief that "agency" is a "given" in this context.

Defendants also argue that the new allegations with respect to AFT are futile because

> even if the new allegations made in the requested Third Amended Complaint as to AFT were permitted, plaintiffs would still be unable to overcome the main defect in plaintiffs' claims against AFT, which is that AFT was not named in their administrative complaint.

In essence, AFT argues that it will win its motion to dismiss in any event; therefore, allowing the amendment is a futile gesture. However, the issue of whether or not AFT's motion to dismiss is granted is an issue yet to be resolved by the district judge. This court will not find

an amendment is "futile" merely because defendants believe that their pending motion to dismiss will be successful on other grounds.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to amend **(Doc. 42)** is **GRANTED.** Plaintiff shall file and serve the amended complaint on or before July 16, 2009.

Dated at Wichita, Kansas this 9th day of July 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge