**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DIANE L. MCDERMED** and **MICHELLE N. BEAVERS,**  Plaintiffs, v.  **JON CARL HILL, et al.,**  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 09-2004-KMH |

**MEMORANDUM AND ORDER**

The following motions are pending in this case:

    1. American Federation of Teachers' (AFT) motion to dismiss (Doc. 26);

    2. Plaintiffs' motion for a protective order and disclosure (Doc. 32);

    3. Kansas Association of Public Employees' (KAPE) motion for partial summary judgment (Doc. 44);

    4. Defendants' motion for reconsideration (Doc. 66);

    5. Plaintiffs' motion to compel (Doc. 70);

    6. KAPE's motion to strike (Doc. 84); and

    7. Plaintiffs' motion for modification of protective order (Doc. 86).

Unfortunately, the motions and related briefs have created an awkward procedural labyrinth.

The rulings in this opinion are intended to reduce the procedural complexity and insure that

defendants' dispositive motions are fully and fairly briefed.[1]  The following background provides context for the motions.

**Background**

AFT is an national labor organization and KAPE is a state labor organization incorporated in Kansas.  Highly summarized, plaintiffs allege that they were employed by both KAPE and AFT and subjected to a sexually hostile work environment and retaliation. Plaintiffs also assert a state law claim against defendant Jon Carl Hill for "invasion of privacy."  Plaintiff Beavers separately asserts a wrongful termination claim (breach of contract) against defendants KAPE and Gerald Raab.

Plaintiffs' allegation that they were employed by both KAPE and AFT is significant for reasons related to defendants' dispositive motions.  AFT moves to dismiss (Doc. 26), arguing that it was not "properly identified" in plaintiffs' administrative complaint filed with the Kansas Human Rights Commission and EEOC; therefore, plaintiffs failed to exhaust their administrative remedies against AFT.  Plaintiffs counter that they sufficiently named AFT in their pre-complaint information sheet and should not be penalized for the manner in which the formal complaint was prepared by agency representatives.  Plaintiffs also argue that AFT and KAPE functioned as "one in the same."

Plaintiffs' allegation that they were employed by both KAPE and AFT is also

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge to conduct all proceedings and entry of a final judgment in accordance with pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73.

significant because KAPE apparently had fewer than 15 employees during the relevant period of time. KAPE moves for partial summary judgment (Doc. 44), arguing that its employment of fewer than 15 employees is fatal to plaintiffs' Title VII claims. However, plaintiffs assert that summary judgment should be denied because of disputed factual issues concerning the employment relationship between KAPE/AFT and themselves. Plaintiffs also argue that the motion is premature and that discovery should be allowed on this issue. Additional information concerning the parties' allegations are included in the following analysis of the pending discovery-related motions.

### Defendants' Motion for Reconsideration (Doc. 66)

On June 12, 2009, Judge Melgren granted plaintiffs' Rule 56(f)(2) request for discovery in order to fully respond to KAPE's motion for partial summary judgment and AFT's motion to dismiss. (Doc. 64). Defendants' move to reconsider this order, arguing that the request is untimely and that plaintiffs fail to demonstrate good cause for the untimely request for discovery. After considering the procedural history in this case, the court declines defendants' request to reconsider Judge Melgren's order. A preliminary review of the pending dispositive motions presents a clouded picture of the relationship between AFT and KAPE. Plaintiffs' discovery will hopefully clarify this relationship and assist the court in ruling on the two dispositive motions. Accordingly, defendants' motion to reconsider shall be DENIED.

**IT IS THEREFORE ORDERED** that defendants' motion for reconsideration **(Doc. 66)** is **DENIED.** Consistent with Judge Melgren's ruling, a supplemental briefing schedule

will be addressed in this opinion.

**Plaintiffs' Motion for a Protective Order and Disclosure (Doc. 32),
KAPE's Motion to Strike or Alternatively, to Include Entire Transcript (Doc. 84),
and
Plaintiffs' Motion to Modify Protective Order (Doc. 86)**

Plaintiff McDermed participated in an eight-day unemployment hearing before the Kansas Department of Labor.[2] Plaintiffs contend that the transcript and exhibits contain evidence relevant to their claims in this case; however, K.S.A. 44-714(f) provides that "the transcript made at any such benefits hearing shall not be discoverable or admissible in evidence in any other proceeding, hearing or determination of any kind or nature." The court initially deferred ruling on this motion (Doc. 73). However, Kape points out that plaintiffs' have now attached four pages of hearing testimony from Mike Osborn, AFT's National Representative, to their motion to compel. KAPE seeks an order striking the exhibit or, in the alternative, allowing KAPE to provide the court with Mr. Osborn's entire testimony (Doc. 84). Plaintiffs belatedly move for an order "modifying the protective order" and request permission to use the unemployment hearing transcript (Doc. 86).

Fed. R. Evid. 501 provides the framework for determining whether the material in question is protected by a privilege:

> Except as otherwise required by the Constitution of the United States or provided by act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, state or political subdivision thereof shall be governed by the principles of the

---

[2] The hearing transcript totals 2060 pages of testimony and includes over 100 exhibits.

common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which state law supplies the rule of decision, the privilege of a witness, person, government, state, or political subdivision thereof shall be determined in accordance with state law.

While it is clear that state privilege law will apply in a diversity case and that principles of federal common law will apply in a pure federal question case, Rule 501 is equivocal in the hybrid federal question case where pendent state law claims have also been asserted. However, because it would be impractical in this case to apply two different rules of privilege to the same evidence, this court holds that the federal common law of privilege provides the rule of decision. See Ali v. Douglas Cable Communications, 880 F. Supp. 993 (D. Kan. 1995); Case v. Unified School Dist. #233, 1995 WL 358198 (D. Kan. 1995); Young v. Adams Business Forms, Inc., 1988 WL 492080 (D. Kan. 1988).

This court is aware of no federal common law privilege regarding transcripts of state administrative proceedings. Young v. Adams Business Forms, Gallardo v. Board of County Commissioners, 881 F. Supp. 525 (D. Kan. 1995). Moreover, there is no compelling reason for denying access to and use of the transcript in this proceeding. Both plaintiffs and defendants have already heard what was said in the state proceeding and the transcript merely confirms what the parties remember. Under the circumstances, the confidentiality provisions of K.S.A. 44-714(f) are not applicable in this case and both plaintiffs and defendants may utilize the unemployment hearing transcript and exhibits in this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for a protective order and disclosure **(Doc. 32)** and motion to modify the protective order **(Doc. 86)** are **GRANTED.** KAPE's request to strike exhibit is **DENIED** and its alternative request to utilize Mike

Osborn's entire hearing testimony in this case **(Doc. 84)** is **GRANTED**.

### Plaintiffs' Motion to Compel (Doc. 70)

Plaintiffs move to compel KAPE to answer Interrogatory Nos. 15 and 19 through 22 and Production Request Nos. 1, 3, and 5 through 9. KAPE opposes the motion, asserting various objections. The objections and the discovery requests are discussed in greater detail below.

**Duty to Confer**

KAPE opposes the motion to compel, arguing that plaintiffs failed to confer in good faith as required by D. Kan. Rule 37.2 and Fed. R. Civ. P. 37(a)(1). The court agrees that plaintiffs' efforts to confer *after* KAPE served its formal discovery response fall short of the effort to confer contemplated by the rules. However, the discovery requests were discussed briefly with the court on July 9, 2009 and the record reveals other conversations between counsel before KAPE's formal discovery response. Under the circumstances, the motion will not be denied on the basis of the duty to confer.[3]

**Scope of Discovery**

By agreement of the parties, discovery has been limited to jurisdictional issues concerning plaintiffs' Title VII claims. As noted above, AFT seeks dismissal based on

---

[3] Plaintiffs are admonished that any future discovery related motions must contain a detailed recitation of counsel's efforts to confer.

plaintiffs' failure to properly name AFT in plaintiffs' administrative complaint and KAPE seeks partial summary judgment based on having fewer than 15 employees. Plaintiffs seek to avoid these defenses by showing that AFT and KAPE were a "single employer" or an "integrated enterprise." KAPE argues that plaintiffs' discovery requests exceed the scope of discovery related to the "single employer" issue. The court has carefully evaluated each discovery request in dispute and is satisfied that the requests are relevant to the issue of whether KAPE and AFT were a "single employer" for purposes of Title VII.[4]

KAPE also argues that the requests exceed the scope of discovery because defendants filed expansive affidavits in support of their respective motions that factually address each of the elements of plaintiffs' single employer theory. However, the fact that defendants have filed affidavits containing facts favorable to their motions is not determinative. Plaintiffs are not required to rely on defendants' affidavits and are entitled to seek discovery of relevant information. Accordingly, KAPE's general objections concerning the scope of discovery are not persuasive.

---

[4] For example, Interrogatory No. 19 asks whether AFT had the right to direct McDermed in the performance of duties with KAPE. This request goes to the heart of the "single employer" issue and is relevant discovery.

**KAPE versus AFT**

KAPE argues that plaintiffs are improperly requesting information from KAPE which is in the custody and control of AFT.[5] With respect to production requests, KAPE is only obligated to produce documents and tangible materials in its possession and custody. If KAPE does not have possession, custody, and/or control of the requested documents, it should simply say so. However, with respect to Interrogatories, KAPE is required to provide answers if the information is known to KAPE or its attorneys. But KAPE is not obligated to query AFT in order to answer interrogatory questions seeking information known only to AFT. Similar to the production request responses, when appropriate, KAPE should simply state that its interrogatory answers are limited to its knowledge.

**Temporal Scope of Discovery**

KAPE objects that certain interrogatories request information for the period 2004 through 2007 and that other requests simply refer to the "the relevant time period." KAPE argues that the temporal scope of discovery should be limited to the period of time that plaintiffs worked for KAPE (February 2006 to July 2007). Plaintiffs do not address or challenge this objection and argument; therefore, the court will adopt KAPE's request and the temporal scope of discovery shall be limited to February 2006 to July 2007.

---

[5] For example, Production Request No. 3 asks KAPE for payroll records for KAPE or AFT for certain listed individuals. The production request was served on KAPE and KAPE is only obligated to produce records in its possession, custody, or control.

**"Personal" Property**

Production Request No. 5 seeks the production of all records of contact between KAPE's officers, employees or board members and officers or employees of AFT regarding the removal of Brian Thompson and Jon Hill. KAPE argues that the request includes documents that "could be" the personal property of those associated with KAPE. Again, KAPE is only obligated to produce documents or tangible items in its custody, possession, or control.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel **(Doc. 70)** is **GRANTED IN PART**, consistent with the rulings herein. KAPE shall provide interrogatory answers and produce the documents order herein on or before **October 21, 2009.**

**IT IS FURTHER ORDERED** that the deposition of Brian Thompson shall be completed by **November 1, 2009.**

**IT IS FURTHER ORDERED** that plaintiffs shall file any supplemental briefs in response to AFT's motion to dismiss and KAPE's motion for partial summary judgment by **December 1, 2009.** Defendants' shall file any supplemental reply briefs by **December 21, 2009.** No additional briefs concerning the two dispositive motions are permitted without prior court approval.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of October 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

-10-