## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DIANE L. MCDERMED and )
MICHELLE N. BEAVERS, )
 )
      **Plaintiffs,** )
 )
v. )   Case No. 09-2004-KMH
 )
JON CARL HILL, et al., )
 )
      **Defendants.** )
 )
 )

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

    1. American Federation of Teachers' (AFT) motion to dismiss (Doc. 26);

    2. Kansas Association of Public Employees' (KAPE) motion for partial summary judgment (Doc. 44);

    3. KAPE's motion to strike exhibit (Doc. 94);

    4. Defendants' motion to strike surreply (Doc. 103); and

    5. Plaintiffs' motion for a continuance under Rule 56(e) and (f)(2) (Doc. 105).

The following background provides context for the motions.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge to conduct all proceedings and entry of a final judgment in accordance with 28 U.S.C. 636(c) and Fed. R. Civ. P. 73.

## Background

KAPE is a state labor organization incorporated in Kansas and AFT is a national labor organization headquartered in Delaware. Highly summarized, plaintiffs allege that they were employed by both KAPE and AFT and subjected to a sexually hostile work environment and retaliation. Plaintiffs also assert a state law claim against defendant Jon Carl Hill for "invasion of privacy." Plaintiff Beavers separately asserts a wrongful termination claim (breach of contract) against defendants KAPE and Gerald Raab.

Plaintiffs' allegation that they were employed by both KAPE and AFT is significant for reasons related to defendants' dispositive motions. AFT moves to dismiss (Doc. 26), arguing that it was not named in plaintiffs' administrative complaint filed with the Kansas Human Rights Commission and EEOC; therefore, plaintiffs failed to exhaust their administrative remedies against AFT. Plaintiffs counter that they sufficiently named AFT in their pre-complaint information sheet and also argue that AFT and KAPE functioned as an "integrated enterprise" and/or a single employer.

Plaintiffs' allegation that they were employed by both KAPE and AFT is also significant because KAPE apparently had fewer than 15 employees during the relevant period of time. KAPE moves for partial summary judgment (Doc. 44), arguing that its employment of fewer than 15 employees is fatal to plaintiffs' Title VII claims. Plaintiffs contend that partial summary judgment should be denied because of disputed factual issues concerning the employment relationship between KAPE/AFT and themselves.

The parties filed numerous motions related to the pending dispositive motions.[2] In an effort "to reduce the procedural complexity and insure defendants' dispositive motions are full and fairly briefed," the court ruled on the then pending discovery motions and established a supplemental briefing schedule. Memorandum and Order, Doc. 89. The parties filed supplemental briefs and again filed a number of motions related to the dispositive motions. The "related" motions are addressed in greater detail below.

### KAPE's Motion to Strike Exhibit (Doc. 94)

KAPE seeks an order (1) striking an exhibit attached to plaintiffs' response brief and (2) requiring plaintiffs and their counsel to return all copies of the document. For the reasons set forth below, the motion shall be **GRANTED.**

Teresa Idris, an attorney, sent an e-mail message on May 4, 2007 to Diane McDermed at her KAPE e-mail address. The e-mail message provided legal advice and was sent to Ms. McDermed in her capacity as the KAPE employee responsible for filing a formal response to a former employee's claim for unemployment compensation. Ms. McDermed retained a copy of the e-mail message and subsequently attached it as an exhibit to her response to KAPE's motion for partial summary judgment. KAPE moves to strike, arguing that the e-mail message is protected by the attorney-client privilege and has been wrongfully disclosed.

The May 4, 2007 e-mail message is a communication by an attorney to a client

---

[2] For example, defendants moved for reconsideration of Judge Melgren's order granting plaintiffs' Rule 56(f)(2) request for discovery concerning KAPE's motion for partial summary judgment. (Doc. 66).

- 3 -

(KAPE) for the purpose of providing legal advice and is clearly protected by the attorney-client privilege.[3] Ms. McDermed's retention of the e-mail message following her termination and attachment to a response brief does not waive the privilege. Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1370 (10th Cir. 1997)( "the power to waive the attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors . . . a corporate employee cannot waive the corporation's privilege.").

Plaintiffs argue that the motion to strike should be denied pursuant to D. Kan. Rule 37.2 because defendants made no effort to confer before filing the motion. However, as defendants correctly point out, D. Kan. Rule 37.2 applies "to motions to resolve a discovery dispute" or to "quash or modify a subpoena." Defendants' motion does not seek resolution of "a discovery dispute" but rather the return of a privileged document that McDermed wrongfully attached to a brief. Plaintiffs' "failure to confer" argument is rejected.

Plaintiffs also ask that "the document itself be allowed on the basis of materiality," citing a lengthy quote from Frontier Refining, Inc. v Gorman-Rupp Co., 136 F.3d 695 (10th Cir. 1998). However, the language quoted from Frontier Refining deals with the work product doctrine under Fed. R. Civ. P. 26(b)(3) and has no application to the attorney-client privilege issue before the court.

Finally, plaintiffs argue that the content of the message should be redacted but that they should be allowed to use the e-mail message to show "the interrelationship between AFT/KAPE as it pertains to employer/employee relations and relevancy to the issue of the

---

[3] Plaintiffs concede that the e-mail message contains privileged attorney-client communications.

-4-

"single-employer" test." Doc. 96, p. 1. The fact that Ms. Idris was an in-house attorney for AFT and provided legal advice to KAPE on May 4, 2007 is not disputed. However, the e-mail message is clearly a communication from an attorney to a party for the purpose of providing legal advice. Plaintiffs have failed to present any evidence that Ms. McDermed had the right to disclose the legal advice sent to KAPE. Under the circumstances, KAPE's motion to strike shall be GRANTED.

**IT IS THEREFORE ORDERED** that KAPE's motion to strike **(Doc. 94)** is **GRANTED**. **Doc. 60-16** is struck from the record and the content of the communication will not be considered in deciding the pending dispositive motions.[4]

**IT IS FURTHER ORDERED** that plaintiffs and their counsel shall return to KAPE all copies of the document by **October 4, 2010.**

### Defendants' Motion to Strike Surreply (Doc. 103)

Defendants move to strike plaintiffs' *second* supplemental response (Doc. 102), arguing that its filing violates this court's order concerning supplemental briefing. The court agrees. The briefing history concerning the pending dispositive motions has been protracted and, in an effort to allow plaintiffs a full and fair opportunity to respond, the court granted

---

[4] Again, that legal advice was provided by Idris to KAPE on May 4, 2007 is not disputed and that information will be accepted for purposes of the pending dispositive motions. However, contrary to suggestions in McDermed's second affidavit (Doc. 96-1), the *content* of that communication will *not* be considered by the court in ruling on the pending dispositive motions.

plaintiffs time to conduct additional limited discovery. Memorandum and Order, Doc 89.[5]
However, the court also established deadlines for the parties to file supplemental briefs and expressly ordered that "no additional briefs concerning the two dispositive motions are permitted without prior court approval." Doc. 89 at p. 10.[6] Plaintiffs did not seek and the court did not approve the filing of Doc. 102; therefore, the document shall be struck.

**IT IS THEREFORE ORDERED** that defendants' motion to strike plaintiffs' second supplemental response **(Doc. 103)** is **GRANTED** and **Doc. 102** is struck from the record.

### Plaintiffs' Motion for a Continuance under
### Rule 56(e) and (f)(2) (Doc. 105)

Plaintiffs move for an extension of time under Fed. R. Civ. P. 56(e) and (f)(2) to file a supplemental brief concerning the pending dispositive motions. For the reasons set forth below, the motion shall be DENIED.

Although characterized as a request for an "extension of time," the essence of

---

[5] The briefing history is accurately summarized in five pages of defendants' motion to strike. (Doc. 104, pages 2-6). The court will not lengthen this opinion by repeating that summary.

[6] The court amended plaintiffs' original deadline (December 1, 2009) for filing their supplemental response brief to December 15, 2009 and also extended defendants' deadline (December 21, 2009) for filing their supplemental reply to January 8, 2010. Order, Doc. 91. The respective briefs were timely filed on December 15 and January 8. Plaintiffs' surreply was filed January 20, 2010.

plaintiffs' motion is a request for leave to file yet another supplemental brief.[7] Plaintiffs justify their request by arguing that additional briefing is necessary to address a "new matter" raised by defendants' supplemental brief (the AFT/KAPE Organizing Project). However, the "AFT/KAPE Organizing Project" has been discussed in earlier briefs related to the pending dispositive motions and is not a "new" issue. See, e.g., McDermed's affidavit, Doc. 36-3; AFT's Reply Brief, Doc. 43, p. 6. Accordingly, plaintiffs' "new matter" argument is rejected.

Plaintiffs also assert that they should be granted leave to file another supplemental brief because: (1) Ms. McDermed's husband "accidently discovered" KAPE and AFT/KAPE Organizing Project records in McDermed's basement and (2) "defendants" should have produced this material in response to earlier discovery requests. In response to the latter point, AFT counters that no discovery request whatsoever was served on AFT in this case. Similarly KAPE recites the discovery requests served by plaintiffs and argues that none of the requests included the exhibits which plaintiffs now seeks to introduce.

The documents in question have been in plaintiffs' possession since McDermed's employment ended in 2007 and throughout this litigation. Equally important, the affidavit Ms. McDermed seeks to file with the documents recites information "personally" known to her based on her work responsibilities with the AFT/KAPE Organizing Project. This is not "new evidence" but rather an attempt to submit yet another brief concerning issues raised in

---

[7] A discussion of Fed. R. Civ. P. 56(f) is unnecessary because the factual basis for plaintiffs' motion clearly does not support a continuance under Rule 56(f)(2). Fed. R. Civ. P. 56(e) involves the use of affidavits and has no obvious connection to plaintiffs' request to file a new brief.

the original dispositive motions. The court declines plaintiffs' invitation to open yet a third round of briefing concerning the dispositive motions.

**IT IS THEREFORE ORDERED** that plaintiffs' motion "for a continuance" **(Doc. 105)** is **DENIED.**

### AFT's Motion to Dismiss (Doc. 26)

Plaintiffs' fourth amended complaint asserts that KAPE *and AFT* subjected them to a sexually hostile workplace and retaliation in violation of Title VII and the Kansas Act Against Discrimination (KAAD). AFT moves to dismiss under Fed. R. Civ. P. 12(b)(1), arguing the court lacks subject matter jurisdiction because plaintiffs only named KAPE in their administrative complaints; therefore, plaintiffs failed to exhaust their administrative remedies against AFT. For the reasons set forth below, AFT's motion shall be DENIED.

It is well established in the Tenth Circuit that the exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII action in federal court. See, e.g., Jones v. U.P.S., Inc., 502 F. 3d 1176, 1183 (10th Cir. 2007). Consequently, a party must file an administrative charge of discrimination against his or her employer before he or she may file a civil action against that party under Title VII. See Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1985 (10th Cir. 1999).[8] Plaintiffs' administrative complaints charged the

---

[8] The charge of discrimination must ordinarily be filed with the EEOC. However the filing requirement may also be satisfied by filing the administrative charge with a state agency empowered to investigate employment discrimination (referred to as "deferral state"). Kansas is a deferral state and plaintiffs filed their administrative complaint with the Kansas Human Rights Commission (KHRC).

- 8 -

"Kansas Association of Public Employees and its Representatives" with sex discrimination and retaliation.

The purpose of the filing requirement is to (1) provide notice of the alleged violation to the charged party and (2) provide the administrative agency with the opportunity to conciliate the claims. <u>Helmerichs v. Potter</u>, Case No. 06-2189-CM, 2007 WL 196887 at #2 (D. Kan. Jan. 23, 2007)(citations omitted). Courts liberally construe administrative complaints to accomplish the purposes of Title VII because the complaints are typically written by laypersons who are not versed in the technicalities of pleadings or the jurisdictional requirements of the Act. <u>Romero v. Union Pacific Railroad Co.</u>, 615 F.2d 1303, 1311 (10th Cir. 1980).

Although a plaintiff should name all defendants in his or her administrative charge, the omission of a party's name does not automatically mandate dismissal of the subsequent action under Title VII. The Tenth Circuit held in <u>Romero v. Union Pacific Railroad</u> that a Title VII action may proceed against a defendant not named in the administrative charge where: (1) the defendant was informally named in the charge or (2) there is a "sufficient identity of interest" between the unnamed defendant and the party named in the

administrative charge. Romero, 615 F.2d at 1311.[9]

The Tenth Circuit set out four factors to consider in determining whether an "identity of interest" exists:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether the absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Romero, 615 F.2d at 1312 (quoting Glus v. G. C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 9177).

The four factors are not exclusive and "[d]epending on the facts, additional factors may be relevant." Id. at 1312. For example, if two entities constitute a "single employer," the named and unnamed party have a "sufficient identity of interest" for purposes of subject matter jurisdiction. Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1185. The "single-employer test" also considers four factors:

---

[9] Both plaintiffs mention AFT and representative Mike Osborn in pre-complaint materials apparently provided to the KHRC. Whether or not pre-complaint information submitted to KHRC or the EEOC qualifies as a "charge" depends on the facts and circumstances surrounding the pre-complaint information. See Federal Express Corp. v. Holowecki, 128 S.Ct. 1147 (2008). Plaintiffs' one sentence statement that they mentioned AFT in their submissions to KHRC is not sufficient. Plaintiffs' failure to develop this argument and explain the circumstances surrounding the pre-complaint information is puzzling; however, the court will not craft legal and factual arguments for a party.

-10-

> (1) interrelation of operations; (2) centralized control over labor relations; (3) common management; and (4) common ownership or financial control. All four factors, however, are not necessary for single-employer status. Rather the heart of the inquiry is whether there is an absence of an arm's-length relationship among the companies.

Knowlton, 189 F.3d at 1184 (citations omitted).

Plaintiffs' arguments are somewhat disjointed but focus on AFT's and KAPE's relationship in the Topeka, Kansas office where plaintiffs worked.[10] As explained in greater detail below, the court is persuaded that AFT and KAPE's Topeka operation was so "intertwined" that a sufficient identity of interest existed when plaintiffs filed their administrative complaints.

KAPE affiliated with AFT in 1988 to secure the resources and benefits of a national labor organization. AFT regularly assigned a national representative to KAPE's Topeka office to recruit new members and otherwise assist KAPE. Mike Osborn was AFT's representative in the KAPE office during the period of time relevant to the lawsuit.

The "intertwined" relationship between KAPE and AFT's is illustrated by numerous

---

[10] For example, plaintiffs argue that the court has jurisdiction under 28 U.S.C. 1291. That statute confers jurisdiction on the court of appeals to review final decisions of the district court and has no application to the motion before the court.

Plaintiffs also assert that the court must accept as true all factual allegations in their complaint. This would be correct if AFT were asserting a *facial* challenge to subject matter jurisdiction. However, AFT has made clear that it is asserting a *factual* challenge to subject matter jurisdiction. See, e.g., Pringle v. United States, 208 F.3d 1220, 1222 (10th Cir. 2000)(where a party attacks the factual basis for subject matter jurisdiction the court does not presume the truthfulness of factual allegations in the complaint but may consider evidence to resolve disputed jurisdictional facts). Notwithstanding their misstatement of the law, plaintiffs have presented evidence in the form of affidavits, exhibits, and testimony under oath.

examples. The Topeka office location and mailing address for KAPE and AFT were the same and office stationery listed: (1) KAPE officers and employees, (2) AFT National Representative Mike Osborn, and (3) "KAPE/AFT staff." Included in the listing of "KAPE/AFT staff" were plaintiff McDermed and defendant Carl Hill.

McDermed was hired to work on both "KAPE matters" and the "KAPE/AFT project," the latter characterized by defendants as a "joint venture" between KAPE and AFT. AFT's approval, through Mike Osborn, was required before Ms. McDermed was hired and she "served two masters" in the Topeka office (Kape's president and Mike Osborn). Although McDermed's pay check and benefits were technically "paid" by KAPE, AFT reimbursed KAPE for one half of the expenses. Mike Osborn also participated in the interview of plaintiff Beavers and provided input on the hiring decision. KAPE's bylaws required Osborn's approval of KAPE expenditures and his signature on checks.[11]

The "intertwined" nature of defendants' relationship is further illustrated by events surrounding McDermed and Beaver's complaints of a sexually hostile workplace. Plaintiffs presented their complaints to Mike Osborn and he, in turn, sought guidance and assistance from AFT's in-house legal staff. Osborn conducted the investigation related to plaintiffs' complaints. When McDermed expressed concerns about "going forward" she was told she would be fired by Mike Osborn if she didn't cooperate. Following the investigation the KAPE board of directors voted to terminate Carl Hill, the individual alleged to have made

---

[11] KAPE was in serious financial trouble in 2005 and the requirement that an AFT representative sign KAPE checks was implemented as part of AFT's agreement to cosign a KAPE bank loan. The record is not clear when the note was paid. Although authorized by the bylaw, an AFT representative did not sign KAPE checks issued in May 2007.

inappropriate comments to female employees and Brian Thompson, KAPE's president. The termination letter to Brian Thompson was signed by "Teresa Idris, Attorney, AFT Office of the General Counsel," and "Mike Osborn, AFT National Representative." The letter was not signed by any KAPE director or officer and directed Thompson to call Ms. Idris if he had any questions.

The Romero factors support the finding of a sufficient identity of interest. The first factor is at best a neutral factor. Although plaintiffs did not name AFT in their formal complaint, they did discuss AFT's role in their "pre-complaint" statement to the KHRC. The record is silent on the reason AFT was not mentioned in plaintiffs' formal complaints. The second factor, similarity of interests, weighs in favor of plaintiffs. The third factor also supports plaintiffs because AFT has not made a compelling argument that they suffered any material prejudice in not participating in the administrative process. The fourth factor also supports plaintiffs' position. McDermed was clearly being supervised by Mike Osborn at times with AFT reimbursing KAPE for her work. Structuring payments through KAPE suggested that plaintiffs should look to KAPE in the first instance. Considering the totality of the circumstances, the failure to name AFT in plaintiffs' formal administrative complaints is not fatal to plaintiffs' Title VII claims against AFT. Accordingly, AFT's motion to dismiss shall be denied.

**IT IS THEREFORE ORDERED** that AFT's motion to dismiss *(**Doc.** 26)* is **DENIED.**

**KAPE's Motion for Partial Summary Judgment (Doc. 44)**

KAPE moves for summary judgment on plaintiffs' Title VII claims, arguing that KAPE never had fifteen or more employees; therefore, KAPE does not meet the statutory definition of an "employer" for purposes of Title VII. For the reasons set forth below, the motion shall be DENIED.

The requirement that an employer have fifteen or more employees in order to be subject to a Title VII claim is a substantive element of a plaintiff's claim rather than a jurisdictional requirement. Arbaugh v. Y & H Corp., 546 U.S. 500, 504 (2006). Plaintiffs do not dispute KAPE's assertion that *it* had less than fifteen employees but counter that KAPE and AFT should be considered a "single-employer." KAPE argues that "single integrated enterprise" with AFT for purposes of the fifteen employee requirement did not exist.

Material factual disputes exist as to whether KAPE and AFT comprised a "single employer" or "integrated enterprise." For example, Mike Osborn, AFT's representative, contends he did not have authority to discipline or terminate McDermed while plaintiffs contend he did have such authority. The court cannot resolve this factual dispute based on the competing affidavits and transcripts provided to the court.[12] Under the circumstances, summary judgment is not appropriate.

**IT IS THEREFORE ORDERED** that KAPE's motion for partial summary judgment **(Doc. 44)** is **DENIED.**

---

[12] The transcripts are from unemployment compensation hearings and testimony was under oath.

**IT IS FURTHER ORDERED** that the parties shall confer and submit a revised planning report by **October 25th, 2010**.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 27th day of September 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge