**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DIANE L. MCDERMED and )
MICHELLE N. BEAVERS, )
　）
　　Plaintiffs, )
　）
v. ) Case No. 09-2004-KMH
　）
JON CARL HILL, et al., )
　）
　　Defendants. )
　）
　　　　　　　　　　　　　　　　　　　　)

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

　　1. KAPE's Motion to Compel (Doc. 139);

　　2. Plaintiff's Motion for Leave to File Response Out of Time (Doc. 146); and

　　3. KAPE's motion to strike (Doc. 149).

The motions are related and addressed in reverse order.[1]

### KAPE's Motion to Strike (149)

KAPE moves to strike plaintiffs' response (Doc. 147) to its motion to compel, arguing

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge to conduct all proceedings and entry of a final judgment in accordance with 28 U.S.C. 636(c) and Fed. R. Civ. P. 73.

that plaintiff filed the untimely response without court permission. No response in opposition to the motion to strike has been filed and, pursuant to D. Kan Rule 7.4, the motion is uncontested and granted.[2]

**IT IS THEREFORE ORDERED** that KAPE's motion **(Doc. 149)** is **GRANTED.** The clerk of the court shall take appropriate steps to strike plaintiffs' response **(Doc. 147)** from the record.

### Plaintiffs' Motion to File Response Out of Time (Doc. 146)

Plaintiffs move for leave to file their response to KAPE's motion to compel out of time, arguing that the response will be "helpful" and there is "no showing of actual prejudice." The motion shall be DENIED. "Helpful" and the failure of an opposing party to show "prejudice" are not the standards for granting a motion to file a response out of time.[3] Because plaintiffs' motion was filed after the deadline for their response, Fed. R. Civ. P. 6(b)(1)B) requires plaintiffs to show "excusable neglect." Plaintiffs offer no evidence of excusable neglect to support their motion. Accordingly, plaintiffs' motion shall be denied.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for leave to file their

---

[2] The deadline for filing a response to a motion to compel is 14 days. D. Kan. Rule 6.1(d). KAPE's motion to compel was filed February 17, 2011 and plaintiffs' response was due March 3, 2011. For reasons unexplained, plaintiffs filed their response on March 15, 2011.

[3] Plaintiffs incorrectly attempt to shift the burden of proof to KAPE by arguing that KAPE makes no showing of prejudice. However, Rule 6(b)(1)(B) clearly places the burden of persuasion (showing "excusable neglect") on the party requesting leave to file a response after the deadline has passed.

response out of time **(Doc. 146)** is **DENIED.**

### KAPE's Motion to Compel (Doc. 139)

KAPE moves to compel copies of Diane McDermed's employment records during the past fifteen years or, in the alternative, execute an authorization to secure the employment records. No timely response has been filed; therefore, the matter is considered uncontested and GRANTED pursuant to D. Kan. Rule 7.4.[4]

**IT IS THEREFORE ORDERED** that KAPE's motion to compel (Doc. 139) is **GRANTED.** Plaintiffs shall provide the requested information or execute the requested employment information release on or before **April 18, 2011.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 11th day of April 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] Although plaintiffs' untimely response brief has been ordered stricken from the record, the court has reviewed the arguments and attachments. Plaintiffs argue that the requested information is not relevant. However, the attachments show that McDermed claimed mental illness while employed with other companies. At a minimum, the employment history is relevant to causation and McDermed's claims that defendants caused her to suffer significant mental health issues. There is also evidence that McDermed was untruthful when examined by defendants' mental health expert. The requested information will clarify the veracity of her interview responses.